IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02515-ZLW-CBS

VICTOR S. ARCHULETA,
    Plaintiff,
v.

ADAMS COUNTY, et al.,
    Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on:(1) Mr. Archuleta's "Motion for Appointment of Counsel" (filed February 4, 2008) (doc. # 11); (2) Mr. Archuleta's "Motion for Leave to File an Amended Complaint" (filed February 4, 2008) (doc. # 12); and (3) Mr. Archuleta's 'Motion for Leave to File an Amended Complaint (filed February 19, 2008) (doc. # 19). Pursuant to the Order of Reference dated February 27, 2008 (doc. # 22) and the memoranda dated February 29, 2008 (doc. # 23) and March 4, 2008 (doc. # 25), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, the entire case file and the applicable law and is sufficiently advised in the premises.

1.    Mr. Archuleta's Motions to Amend

Aa "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . ." Fed. R. Civ. P. 15(a). Here, no responsive pleading has yet been filed. *See* Fed. R. Civ. P. 7(a). Mr. Archuleta has submitted and the Clerk of the Court has filed his Amended Complaint (doc. # 24). The Amended Complaint contains almost all of the amendments sought by Mr. Archuleta. While Mr. Archuleta's amendment to "state in the complaint that he is suing deputies Spence and Nanny in both their 'Official' capacity and their 'Individual capacity" is not included in the

1

Amended Complaint (*see* doc. # 24), the court notes that Mr. Archuleta sues deputies Spence and Nanny in both their official and individual capacities. Mr. Archuleta's motions to amend may properly be granted.

2.  Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Archuleta's request for appointed counsel and the appropriate factors. As a *pro se* litigant, Mr. Archuleta is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Mr. Archuleta has thus far adequately presented his claims unaided by counsel. The court may address many of Mr. Archuleta's concerns by providing adequate time in the case schedule. Mr. Archuleta's concerns about evidence and witnesses at trial are premature at this stage of the litigation. Based on an initial review of the Prisoner Complaint (doc. # 3) and the Amended Prisoner Complaint (doc. # 24), the court is within its discretion in declining to request counsel to represent Mr. Archuleta.

Accordingly, IT IS ORDERED that:

1. Mr. Archuleta's "Motion for Leave to File an Amended Complaint" (filed February 4, 2008) (doc. # 12) is GRANTED.

2. Mr. Archuleta's 'Motion for Leave to File an Amended Complaint (Filed February 19, 2008) (doc. # 19) is GRANTED.

3. This civil action shall proceed on the Amended Complaint (doc. # 24) that has already been accepted by the Clerk of the Court for filing.

4. Mr. Archuleta's "Motion for Appointment of Counsel" (filed February 4, 2008) (doc. # 11) is DENIED.

DATED at Denver, Colorado, this 5th day of March, 2008.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge