IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02515-ZLW-CBS

VICTOR S. ARCHULETA,
    Plaintiff,
v.

ADAMS COUNTY BOARD OF COUNTY COMMISSIONERS,
DOUG DARR, Sheriff, Adams County Detention Facility,
MELANIE GREGORY, Technical Services Manager, Adams County Detention Facility,
JAMES MCKINZIE, Sergeant/Investigator, A.C.D.F.,
JUSTIN SPENCE, Deputy, A.C.D.F.,
JOHN HINRICHS, Sergeant, Adams County Detention Facility, and
VINCE POTTER, Deputy, Adams County Detention Facility,
    Defendants.[1]

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on: (1) the "Motion to Dismiss Plaintiff's Amended Complaint" filed on March 18, 2008 by Defendants Adams County Board of County Commissioners, Doug Darr, Melanie Gregory, Robert Nanney, Justin Spence, and James Hinrichs (*see* doc. # 35); and (2) Mr. Archuleta's "Motion for Leave to File an Amended Complaint" (filed May 9, 2008) (doc. # 59) and proposed Second Amended Complaint (doc. # 59-2). Defendants James McKenzie and Vince Potter filed their joinder in the Motion to Dismiss on April 4, 2008. (*See* docs. # 47 and Notice of Electronic Filing dated May 2, 2008). Pursuant to the Order of Reference dated

---

[1] Some of the Defendants' names were incorrectly spelled in the Amended Complaint. (*See* doc. # 24 at p. 1 of 12). The court follows the spellings reflected in the Defendants' Motion to Dismiss. (*See* doc. # 35 at p. 1 of 12). The Amended Complaint also incorrectly alleges that Ms. Gregory is the Undersheriff of the Adams County Detention Facility, where she is in fact the Technical Services Manager. (*See* doc. # 24 at p. 2 of 12; doc. # 35 at n. 1).

February 27, 2008 (doc. # 22) and the memoranda dated March 19, 2008 (doc. # 36) and May 12, 2008 (doc. # 60), the motions were referred to the Magistrate Judge. The court has reviewed the Motions, Mr. Archuleta's "Motion in Opposition to Dismiss" ("Response") (filed March 31, 2008) (doc. # 43), Defendants' Reply (filed April 9, 2008) (doc. # 49), Mr. Archuleta's "Motion in Support of Opposition to Dismiss and Defendant [sic] Reply in Support" ("Surreply") (filed April 21, 2008) (doc. # 56), "Defendants' Response to Plaintiff's Fourth Motion to Amend Complaint . . ." (filed May 14, 2008) (doc. # 61), Mr. Archuleta's "Motion in Support for Leave to Amend" ("Reply") (filed June 2, 2008) (doc. # 67), and "Defendants' <u>Amended</u> Response to Plaintiff's Fourth Motion to Amend Complaint . . ." (filed June 3, 2008) (doc. # 68). The court has also reviewed the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.  Defendants' Motion to Dismiss

Mr. Archuleta brings three claims pursuant to 42 U.S.C. § 1983 based on an alleged incident of excessive force involving Defendants Nanney and Spence on April 11, 2007. (*See* doc. # 24 at p. 5 of 12 ¶ B. 1.; p. 6 of 12 ¶¶ 10, 12; p. 8 of 12). Defendants have moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) based upon Mr. Archuleta's failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

Prior to filing this civil action, Mr. Archuleta was required to exhaust administrative remedies pursuant to the PLRA. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Section 1997e(a) provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Mr. Archuleta's initial Complaint and Amended Complaint made clear that he had not exhausted his administrative remedies. (*See* doc. # 3 at p. 11 of 12; doc. # 24 at p. 11 of 12). The court held a hearing on all pending motions on May 2, 2008. (*See* Courtroom Minutes/Minute Order (doc. # 58)). At the conclusion of the hearing, the court stayed all discovery and permitted Mr. Archuleta to submit a further response to the Motion to Dismiss. (*See* doc. # 58). As his further response, Mr. Archuleta filed his Motion for Leave to File an Amended Complaint and his proposed Second Amended Complaint.

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The PLRA requires "proper exhaustion" of administrative remedies, which means the plaintiff must utilize all administrative remedies provided and must comply with the deadlines and other procedural rules prior to filing a federal lawsuit relating to the conditions of his confinement. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). *See also Jones v. Bock*, 549 U.S. at 218 ("to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, – rules that are defined not by the PLRA, but by the prison grievance process itself") (internal quotation marks and citation omitted). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218. "The level of detail necessary in a

grievance to comply with the grievance procedures will vary from system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

Prior to *Jones v. Bock*, 549 U.S. at 199, the Tenth Circuit interpreted the PLRA as imposing "a pleading requirement." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003), *cert. denied*, 543 U.S. 925, 125 S.Ct. 344 (2004), *abrogated,* 549 U.S. at 199. "The Supreme Court recently rejected our rule in *Steele*, however, and set forth a new standard to govern PLRA lawsuits: 'failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints.' " *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007) (quoting *Jones v. Bock*, 549 U.S. at 216 and citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223 (10th Cir. 2007)). Now "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d at 1241.

Dismissal under § 1997e(a) for failure to exhaust administrative remedies therefore cannot usually be made on pleadings without proof. *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) ("'only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse'") (quoting *Aquilar-Avellaveda v. Terrell*, 478 F.3d at 1225)). Defendants bear the burden of proof and must provide conclusive evidence establishing the affirmative defense of failure to exhaust. *See e.g., Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) ("if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a

4

defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor"); *Buck v. F.D.I.C.*, 75 F.3d 1285, 1288 n. 3 (8th Cir. 1996) ("The standards for dismissing a complaint under Rule 12(b)(6) and the standards for granting summary judgment are substantially different").

      Defendants have raised the issue of exhaustion by a Motion to Dismiss. In support of their argument for dismissal, Defendants refer to the Adams County Detention Facility Inmate Rules ("Handbook"). The court may take judicial notice of the Adams County Detention Facility's administrative process. *See Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984) (court can take judicial notice of agency rules and regulations); *Antonelli v. Ralston*, 609 F.2d 340, 341, n. 1 (8th Cir.1979) (judicial notice taken of Bureau of Prisons' Program Statement). Defendants further submit a transcript of the hearing held on May 2, 2008. (*See* doc. # 68-2). Defendants argue that Mr. Archuleta is attempting to allege facts in the proposed Second Amended Complaint that "are wholly inconsistent with Plaintiff's statements to Judge Shaffer during the May 2, 2008 hearing." (*See* docs. # 61, # 68). Defendants argue that Mr. Archuleta "has now created new, and inconsistent, facts . . . ." (*See id.*). Defendants argue that Mr. Archuleta had ample opportunity to avail himself of the administrative process at the Adams County Detention Facility and that on previous occasions he had utilized the administrative process. (*See* doc. # 49 at pp. 3-4 of 6). Defendants' arguments present issues of fact that the court may not determine on their Motion to Dismiss brought pursuant to Rule 12(b)(6). Mr. Archuleta has objected that "this Honorable court should not consider this material as substantial evidence in this

matter to Dismiss and should be properly brought forth in Summary Judgment [sic]."
(*See* doc. # 56 at p. 1 of 8). The court has not notified the parties that it would treat Defendants' Motion to Dismiss raising the issue of exhaustion of administrative remedies as a motion for summary judgment under Fed. R. Civ. P. 56. Mr. Archuleta has also argued factual issues, such as the unavailability of the grievance process. (*See* doc. # 43 at p. 3 of 5; doc. # 56 at pp. 2-4 of 8). At this stage of the litigation, Defendants have not met their burden of demonstrating that Mr. Archuleta has not exhausted his administrative remedies.

II.     Mr. Archuleta's Motion for Leave to File an Amended Complaint

Mr. Archuleta moves to file a Second Amended Complaint solely "to overcome the deficiency raised in defendants['] pending 'Motion to Dismiss' . . . for failure to exhaust their administrative remedies pursuant to" § 1997e(a). (*See* doc. # 59 at p. 3 of 4; *see also* Reply (doc. # 67) at p. 2 of 7 ("Plaintiff's amended complaint [ ] addresses the exhaustion requirement issue . . .")). Because the "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints," *Jones v. Bock*, 549 U.S. at 216, it is unnecessary for Mr. Archuleta to file a Second Amended Complaint to allege facts addressing the exhaustion requirement raised by Defendants' Motion to Dismiss.

Accordingly, IT IS RECOMMENDED that:

1.      The "Motion to Dismiss Plaintiff's Amended Complaint" (doc. # 35) filed on March 18, 2008 by Defendants Adams County Board of County Commissioners, Doug

6

Darr, Melanie Gregory, Robert Nanney, Justin Spence, and James Hinrichs and joined by Defendants James McKenzie and Vince Potter be DENIED. Should this Recommendation as to the Motion to Dismiss be accepted, the court may proceed to consider motions that properly raise Mr. Archuleta's failure to exhaust as an affirmative defense and any evidence the parties wish to present as to the issue of exhaustion.

    2.    Mr. Archuleta's "Motion for Leave to File an Amended Complaint" (filed May 9, 2008) (doc. # 59) be DENIED as unnecessary.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80

7

(10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 20th day of January, 2009.

                                        BY THE COURT:

                                        s/Craig B. Shaffer
                                        United States Magistrate Judge