IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 07-cv-02515-ZLW-CBS

VICTOR S. ARCHULETA,

    Plaintiff,
v.

ADAMS COUNTY BD. OF COMM'RS,
DOUG DARR,
MELANIE GREGORY,
JAMES MCKINZIE,
ROBERT NANNEY,
JUSTIN SPENCE,
JAMES HINRICHS, and
VINCE POTTER,

    Defendants.
_____

ORDER
_____

The matters before the Court are (1) the Motion To Dismiss Amended Complaint (Doc. No. 35) (Motion To Dismiss) filed by Defendants Adams County Board of County Commissioners, Melanie Gregory,[1] Robert Nanney, Justin Spence, and James Hinrichs, and joined by Defendant James McKenzie and Vince Potter (see Doc. No. 47), and (2) Plaintiff's Motion For Leave To File An Amended Complaint (Doc. No. 59) (Motion To Amend). These matters were referred to Magistrate Judge Craig B. Shaffer pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. On January 20, 2009, the Magistrate Judge issued a Recommendation on the subject motions (Doc. No. 90) in which he recommended that the Motion To Dismiss be denied and that the Motion To Amend be denied as unnecessary. Plaintiff filed a timely written objection to the Recommendation

---

[1] The correct spellings of Ms. Gregory's, Mr. Spence's, and Mr. Hinrich's names are set forth in the Motion To Dismiss and are included on the caption of this Order. The Court will order the case caption to be corrected accordingly, as set forth below.

on January 30, 2009.[2] (Doc. No. 93). The Court reviews the Magistrate Judge's Recommendation on the Motion To Amend under a clearly erroneous or contrary to law standard,[3] and reviews the Magistrate Judge's Recommendation on the Motion To Dismiss *de novo*.[4]

The Motion To Dismiss argues that Plaintiff's Amended Prisoner Complaint should be dismissed for failure to exhaust administrative remedies under the Prisoner Litigation Reform Act (PLRA).[5] In recommending denial of the Motion To Dismiss, the Magistrate Judge properly concluded that the moving Defendants' arguments that Plaintiff had had "ample opportunity" to avail himself of the administrative procedures at the Adams County Detention Facility and had actually used that administrative process on prior occasions[6] present issues of fact that cannot be resolved on a Fed. R. Civ. P. 12(b)(6) motion to dismiss. The Magistrate Judge noted that Plaintiff himself has argued that factual issues cannot not be addressed on a Rule 12(b)(6) motion "and should be properly brought forth in Summary Judgment."[7] In his objection to the Magistrate Judge's Recommendation, Plaintiff now contends that "Defendants' arguements [sic] regarding exhaustion of administrative remedies can only be raised in

---

[2] Although Plaintiff's filing is entitled "Plaintiff's Motion To Alter Or Amend Judgment," it is in substance an objection to the Magistrate Judge's recommendation pursuant to Fed. R. Civ. P. 72(b)(2).

[3] See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[4] See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

[5] 42 U.S.C. § 1997e(a).

[6] See Defendants' Reply In Support Of Motion To Dismiss Plaintiff's Amended Complaint (Doc. No. 49) at 3-4.

[7] See Recommendation Of United States Magistrate Judge (Doc. No. 90) at 6-7; "Plaintiff's Motion In Support Of Opposition To Dismiss And Defendant Reply In Support" (Doc. No. 56) at 1.

their Motion to Dismiss, and not in summary judgement or future proceedings."[8] To the extent that Plaintiff is arguing that *disputed* issues of material fact cannot be resolved on a future summary judgment motion, he is correct.[9] However, summary judgment properly is granted where the evidence shows that the material facts are *not* in dispute.[10] Thus, Defendants can present evidence of undisputed material facts in any future motion for summary judgment. The Magistrate Judge's conclusion that the factual issues raised in the Motion To Dismiss may be raised on summary judgment or in other further proceedings was appropriate.

Plaintiff's Motion To Amend requests that Plaintiff be given leave "to file his amended complaint to overcome the deficiency raised in defendants [sic] pending 'Motion To Dismiss,' doc. 24, for failure to exhaust their [sic] administrative remedies pursuant to 42 U.S.C.A. § 1997e(a)."[11] The Magistrate Judge recommended that Plaintiff's Motion To Amend be denied as unnecessary because under Jones v. Bock[12] a plaintiff prisoner is not required to plead proper exhaustion of administrative remedies. In his objection, Plaintiff states that he also wishes to amend his pleading to "present his genuine issues and material facts vital to proving his civil action claims and specific constitutional claims that were violated, which are only applicable to Plaintiff as a pre-trial detainee, and are only raised through Plaintiff's Amended Complaint."[13] Plaintiff

---

[8] Plaintiff's Motion To Alter Or Amend Judgment (Doc. No. 93) at 12.

[9] See O'Shea v. Yellow Tech. Svcs., Inc., 185 F.3d 1093, 1102 (10th Cir. 1999).

[10] See Fed. R. Civ. P. 56(c).

[11] Plaintiff's Motion For Leave To File An Amended Complaint (Doc. No. 59) at 3.

[12] 549 U.S. 199, 216 (2007)

[13] Plaintiff's Motion To Alter Or Amend Judgment (Doc. No. 93) at 15.

does not identify what these "issues and facts" are. Regardless, Defendants have not argued that Plaintiff's current pleading lacks sufficient factual allegations to support a claim. Plaintiff may present evidence in opposition to any future summary judgment motion in order to establish that the material facts in this case are in dispute. He need not describe that evidence in his pleading. The Magistrate Judge did not err in determining that an amended pleading is not necessary at this juncture.

For the foregoing reasons, the January 20, 2009, Recommendation of the Magistrate Judge is accepted and adopted, and it is

ORDERED that Plaintiff's Motion To Alter Or Amend Judgment (Doc. No. 93), which the Court has construed as an objection to the January 20, 2009, Recommendation of Magistrate Judge Craig B. Shaffer, is overruled. It is

FURTHER ORDERED that the Motion To Dismiss Amended Complaint (Doc. No. 35) is denied. It is

FURTHER ORDERED that Plaintiff's Motion For Leave To File An Amended Complaint (Doc. No. 59) is denied as unnecessary. It is

FURTHER ORDERED that the case caption is amended, as set forth above, to correctly spell certain Defendants' names. It is

FURTHER ORDERED that this case is referred back to the Magistrate Judge for further recommendations and/or to prepare the case for trial or disposition.

DATED at Denver, Colorado, this 20th day of March, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court