IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02515-ZLW-CBS

VICTOR S. ARCHULETA,
     Plaintiff,
v.

ADAMS COUNTY BOARD OF COUNTY COMMISSIONERS,
DOUG DARR, Sheriff, Adams County Detention Facility,
MELANIE GREGORY, Technical Services Manager, Adams Country Detention Facility,
JAMES MCKENZIE, Sergeant/ Investigator, Adams Country Detention Facility,
ROBERT NANNEY, Deputy, Adams Country Detention Facility,
JUSTIN SPENCE, Deputy, Adams Country Detention Facility,
[JAMES] HINRICHS, Sergeant, Adams Country Detention Facility, and
VINCE POTTER, Deputy, Adams Country Detention Facility,
     Defendants.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Craig B. Shaffer

     This civil action comes before the court on the "Motion for Summary Judgment Re Exhaustion of Administrative Remedies" filed June 26, 2009 by Defendants Adams Country Board of County Commissioners, Doug Darr, Melanie Gregory, James McKenzie, Robert Nanney, Justin Spence, James Hinrichs, and Vince Potter (doc. # 113). Pursuant to the Order of Reference dated February 27, 2008 (doc. # 22) and the memoranda dated June 26, 2009 (doc. # 114) and June 29, 2009 (doc. # 115), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the Response filed by Plaintiff Mr. Archuleta (filed July 15, 2009) (doc. # 119), and the Reply filed by the Defendants (filed July 31, 2009) (doc. # 120). The court has also reviewed the pleadings, the exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

     Mr. Archuleta is a Colorado Department of Corrections ("DOC") inmate housed at the Colorado State Penitentiary in Cañon City, Colorado. (*See* Amended Complaint, doc.

# 24, p. 2). In April 2007 Mr. Archuleta was temporarily housed at the Adams County Detention Facility ("ACDF") in Brighton, Colorado for a court appearance or "writ." (*See* doc. # 24, p. 5). Mr. Archuleta alleges that on April 11, 2007, while held at the ACDF, Defendants Nanney and Spence used excessive force resulting in injury to him. (*See* doc. # 24, pp. 5-6). Mr. Archuleta brings three claims pursuant to 42 U.S.C. § 1983 based on the alleged incident of excessive force. Claim One alleges an Eighth Amendment violation, cruel and unusual punishment, and a Fifth Amendment Violation, pre-trial punishment. (*See* doc. # 24, p. 8). Claim Two alleges a Fourteenth Amendment violation, procedural due process, and an Eighth Amendment violation for failure to provide a reasonable safe environment. (*See* doc. # 24, p. 9). Claim Three alleges a violation pursuant to 42 U.S.C. §1997(e), mental and emotional damage, and an Eighth Amendment violation, deliberate indifference. (*See* doc. # 24, p. 10).

Mr. Archuleta did not file a grievance at the ACDF concerning the alleged incident. (*See* doc. # 24, p. 11; *see also* doc. # 113 p. 3). Therefore, Defendants contend that Mr. Archuleta failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (*See* doc. # 113, p. 2). Defendants initially couched their exhaustion argument as a Motion to Dismiss, but this was denied on March 20, 2009. (*See* doc. # 35 and # 99). Defendants have now moved for summary judgment pursuant to Fed. R. Civ. P. 56.

II.     Standard of Review

Rule 56 states that summary judgment is proper "when there is no genuine dispute as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The record must be viewed in the light most favorable to the non-moving party. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). The initial burden is on

the moving party to show that there is an absence of any issue of material fact. *Celotex Corp.*, 477 U.S. at 323.

If the moving party meets his or her burden, the burden shifts and the non-moving party must "establish the existence of a triable issue of fact." *Pasternak v. Lear Petroleum Exploration*, 790 F.2d 828, 832 (10th Cir. 1986). However, "conclusory allegations . . . will not suffice." *United States v. Simons*, 129 F.3d 1386, 1388-89 (10th Cir. 1997). The non-moving party must "go beyond [the allegations in] the pleadings" and "designate specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324. A motion for summary judgment may be granted if the non-moving party's evidence is "merely colorable or not significantly probative." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

Defendants have moved for summary judgment based on Mr. Archuleta's failure to exhaust his administrative remedies as required pursuant to the PLRA. Section 1997e(a) provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion is mandatory under the PLRA. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Claims that have not been exhausted cannot be brought in court. *Id.* "Compliance with prison grievance procedures . . . is all that is required by the PLRA to properly exhaust." *Id.* at 218 (internal quotation marks omitted). "Proper exhaustion" requires the plaintiff to "complete the administrative review process in accordance with the applicable procedural rules, - rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* (internal quotation marks and citation omitted). However, "failure to exhaust is an affirmative defense under the PLRA." *Roberts v. Barreras*, 484 F.3d 1236, 1240-41 (10th Cir. 2007). Thus, the Defendant has the burden of proof for

exhaustion. *Id.*

III.    Analysis

Prior to filing this civil action, Mr. Archuleta was required to exhaust all administrative remedies pursuant to the PLRA. *Booth v. Churner*, 532 U.S. 731, 741 (2001). In his Amended Complaint, Mr. Archuleta concedes that he did not exhaust all administrative remedies. (*See* doc. # 24, p. 11). However, Mr. Archuleta alleges three reasons that prevented him from exhausting the grievance process.

First, Mr. Archuleta alleges that the ACDF grievance process was "unavailable" to him "because the ACDF grievance policy does not allow 'DOC inmates' to utilize the ACDF inmate 'grievance forms' or their grievance procedure." (*See* doc. # 119, p. 4). The ACDF grievance procedures are stated in the ACDF Inmate Handbook ("Inmate Handbook"). (*See* doc. # 113, Exhibit C). The court may take judicial notice of the ACDF's administrative process. *See Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984) (the court can take judicial notice of agency rules and regulations); *Antonelli v. Ralston*, 609 F.2d 340, 341, n. 1 (8th Cir. 1979) (judicial notice taken of Bureau of Prisons' Program Statement). There is no dispute that Mr. Archuleta received a copy of the Inmate Handbook. (*See* doc. # 113, Exhibit B, Inmate Handbook Receipt; *see also* doc. # 119, p. 14). The "Inmate Communication Form" section of the Inmate Handbook, discusses the grievance process. (*See* doc. # 113, Exhibit C, p. 4).

Mr. Archuleta argues that because the grievance procedures only refer to "inmates," the procedures only apply to ACDF inmates. (*See* doc. # 119, p. 10-11). The Inmate Handbook does not differentiate between "DOC inmates" and "ACDF inmates" in the Inmate Communication Form section. (*See* doc # 113, Exhibit C, p. 4 ("Inmate Communication Form" section); *see also* Exhibit A ¶ 10). This section only refers to "inmates." (*See* doc. # 113, Exhibit C, p. 4). Mr. Archuleta alleges that if the ACDF wanted

the grievance procedures to apply to DOC inmates, "ACDF officials could have also included 'DOC inmates' in the ACDF inmate grievance policy and procedure, but they consciously chose not to do so." (*See* doc. # 119, p. 11). Thus, Mr. Archuleta alleges that the process was unavailable to him because the Inmate Handbook does not explicitly state that the grievance process was available to "DOC inmates." (*See* doc. # 119, p. 10-11).

Defendants support their Motion for Summary Judgment by citing to the text of the Inmate Handbook as well. (*See* doc # 113, Exhibit C). As stated above, the grievance procedures refer to "inmates" without qualifying the term. (*See* doc. # 113, Exhibit C, p. 4). The majority of the sections of the Inmate Handbook also do not qualify the term "inmate" by listing either "ACDF" or "DOC." (*See* doc. # 113, Exhibit C, p. 4 (*Compare* the "Contraband" section *with* the "Inmate Property" section)). However, the Inmate Handbook does distinguish between the DOC, or writ, inmates and the ACDF inmates for a few regulations. (*See* Inmate Handbook, Exhibit C, p. 2 ("Classification/ Housing/ Transfers" and "Inmate Property" sections)). In these sections, the term "Writ Pod" or the letters "DOC" precede the different regulation. (*See* Inmate Handbook, Exhibit C, p. 2). Mr. Archuleta's interpretation is nonsensical because his interpretation would result in almost none of the ACDF regulations applying to DOC inmates.

Because the Inmate Handbook does not differentiate between the type of inmates for the purpose of the grievance process, as well as for the majority of other regulations, only those sections that do specifically differentiate between inmates apply differently. All other regulations that only use the term "inmates" are inclusive of all inmates housed at the ACDF, no matter what their length of stay or purpose for being at the ACDF. If the ACDF officials did not want the grievance process to apply to DOC inmates, they would have specifically excluded "DOC inmates" from the grievance process as they expressly did for other sections. (*See e.g. Watt v. GMAC Mortgage Corp.*, 457 F.3d 781 (8th Cir. 2006) (explaining that the court will not assume that Congress omitted text requirements that it

nonetheless intended apply. Further, the court is even more reluctant when "Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest.") (internal citation and quotations omitted)). Nothing in the record supports Mr. Archuleta's interpretation that unless expressly stated as applying to DOC inmates, DOC inmates are excluded. Thus, Defendants have met their burden on summary judgment of showing that the ACDF grievance procedures were applicable to Mr. Archuleta as a DOC inmate.

Second, Mr. Archuleta states that because he is a DOC inmate housed at the Colorado State Penitentiary he did not have access to the ACDF grievance process. Mr. Archuleta alleges that on May 31, 2007, after he was returned to the Colorado State Penitentiary, he tried to exhaust his administrative remedies concerning his time at the ACDF. (*See* doc. # 119, Exhibit 1, p. 2, ¶ 3). However, Mr. Archuleta alleges he was told that he could only file a grievance concerning Adams County officials and deputies at the ACDF, not with the DOC at the Colorado State Penitentiary. (*See* doc. # 119, Exhibit 1, p. 2, ¶ 3). Thus, Mr. Archuleta alleges that the ACDF grievance process was unavailable to him because he is a DOC inmate. (*See* doc. # 24, p. 11).

Defendants offer the affidavit of Ms. Melanie Gregory to show that Mr. Archuleta had actual access to the ACDF grievance process, despite being housed at the Colorado State Penitentiary, because he was returned to the ACDF on four separate occasions. (*See* doc. # 113, Exhibit A, ¶ 3). After the alleged incident, Mr. Archuleta was housed at the ACDF on the following dates: May 23, 2007 through May 31, 2007; June 28, 2007 through July 6, 2007, August 6, 2007 through August 10, 2007; and September 14, 2007 through September 25, 2007. (*See* doc. # 113, Exhibit A, ¶ 3). Further, Mr. Archuleta's own actions are inconsistent with his argument because he availed himself of the ACDF grievance process on June 30, 2007 in an unrelated matter. (*See* doc. # 113, Exhibit D).

Third, Mr. Archuleta raises for the first time in his "Response Brief in Opposition of

Summary Judgment" that he was "denied ACDF grievance forms by ACDF deputies." (*See* doc. # 119, p. 3). In Mr. Archuleta's Affidavit he states that he was told by senior deputy Sherman and deputy Deloian the week of May 23, 2007, and again by other unnamed deputies the week of June 28, 2007, that "DOC inmates can't exhaust the administrative grievance process. The grievance procedure is specifically designed for Adams County jail inmates only."(*See* doc. # 119, Exhibit 1, ¶ 2). Mr. Archuleta's Affidavit further states that no ACDF employee would give him the grievance forms he requested. (*See* doc. # 119, Exhibit 1, pp. 1-3, ¶¶ 2-4.).

Defendants again point to Mr. Archuleta's own action of filing a grievance form to refute his allegation that he was denied forms. (*See* doc. # 113, Exhibit D). On June 30, 2007, Mr. Archuleta filed a grievance form concerning his religious dietary needs, but he did not submit a grievance concerning the incident alleged in the Amended Complaint. (*See* doc. # 113, Exhibit D). Further, Mr. Archuleta stated to the court at the May 2, 2008 hearing, and in his "Response to Defendants Motion to Dismiss," that he purposefully decided to wait until he was done with his court appearances in Adams County before he pursued this matter. (*See* doc. # 120, p. 7, Exhibit D (Transcript of May 2, 2008 Hearing), pp. 8-19; *see also* doc. # 56, p. 2). Defendants provide portions of a transcript of the May 2, 2008 hearing where Mr. Archuleta stated he did not exhaust because he wanted to press criminal, not civil, charges against Defendants. (*See* doc. # 120, pp. 7-8). Defendants allege that Mr. Archuleta's claim that he was denied forms, which Mr. Archuleta raised for the first time in his "Response Brief in Opposition of Summary Judgment" on July 15, 2009, is inconsistent with his earlier statements to the court. (*See* doc. # 120, pp. 5, 7-8). Thus, Defendants argue that the record demonstrates that Mr. Archuleta had access to the ACDF grievance process but simply chose not to use it.

To support their Motion for Summary Judgment, Defendants provide the Inmate Handbook, the dates Mr. Archuleta was returned to the ACDF following the alleged

incident, Mr. Archuleta's grievance regarding another matter, and Mr. Archuleta's inconsistent statements made to the court. With this evidence, Defendants have fulfilled their burden pursuant to the PLRA to show that Mr. Archuleta did not exhaust his administrative remedies. Further, Defendants satisfy their burden with respect to the Rule 56 standard, showing that there is no issue of material fact in this case. The burden then shifts to Mr. Archuleta to provide evidence of an issue of material fact.

Mr. Archuleta's evidence is not substantial enough to show that he exhausted the requisite administrative remedies, or that the grievance process was made unavailable to him. The record is clear that Mr. Archuleta did not exhaust his administrative remedies for any of his claims. Mr. Archuleta's only evidence is contained in his Affidavit where he merely alleges that the grievance process was made unavailable to him. (*See* doc. # 119, Exhibit 1, pp. 1-3). Further, Mr. Archuleta's Affidavit is inconsistent with his other statements to the court and his action of filing a grievance in another matter after the incident alleged in this case. Without more than mere conclusory allegations, Mr. Archuleta does not meet his burden of showing a triable issue of material fact.  *See Pasternak v. Lear Petroleum Exploration*, 790 F.2d 828, 832 (10th Cir. 1986). Because the record demonstrates Mr. Archuleta has not exhausted his administrative remedies as required pursuant to the PLRA, Defendants are entitled to summary judgment on Mr. Archuleta's claims.


Accordingly,

IT IS RECOMMENDED that Defendants' Motion for Summary Judgment (filed June 26, 2009) (doc. # 113 ) be GRANTED and that judgment on the Amended Complaint (doc. # 24) be entered in favor of Defendants and against the Plaintiff.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 27th day of October, 2009.

BY THE COURT:


 s/Craig B. Shaffer
United States Magistrate Judge