IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 07-cv-02515-ZLW-CBS

VICTOR S. ARCHULETA,

    Plaintiff,

v.

ADAMS COUNTY BD. OF COMM'RS,
DOUG DARR,
MELANIE GREGORY,
JAMES MCKENZIE,
ROBERT NANNEY,
JUSTIN SPENCE,
JAMES HINRICHS, and
VINCE POTTER,

    Defendants.
_____

ORDER
_____

The matter before the Court is Defendants' Motion For Summary Judgment Re Exhaustion Of Administrative Remedies (Doc. No. 113) (Motion For Summary Judgment) filed by Defendants Adams County Board of County Commissioners, Doug Darr, Melanie Gregory, Robert Nanney, Justin Spence, James Hinrichs, James McKenzie[1] and Vince Potter (Defendants). This matter was referred to Magistrate Judge Craig B. Shaffer pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. On October 27, 2009, the Magistrate Judge issued a Recommendation on the subject motion (Doc. No. 124) in which he recommended that the Motion For Summary Judgment be granted. Plaintiff filed a timely written objection to the Recommendation

---

[1] The correct spellings of Mr. McKenzie's name is set forth in the Motion For Summary Judgment and is included on the caption of this Order. The Court will order the case caption to be corrected accordingly, as set forth below.

on November 6, 2009.² (Doc. No. 125). The Court reviews *de novo* those portions of the Recommendation to which Plaintiff has specifically objected.³

Plaintiff is a prisoner in the custody of the Colorado Department of Corrections (DOC), who is incarcerated at the Colorado State Penitentiary (CSP) in Cañon City, Colorado. Plaintiff's claims center on his allegation that he was subjected to excessive force by Defendants Nanney and Spence on April 11, 2007, while he was temporarily housed at the Adams County Detention Facility (ACDF) on a DOC writ for a court appearance in Brighton, Colorado. Plaintiff alleges that Defendants Nanney and Spence rammed his head into a metal electric box while he was handcuffed, causing a four-inch laceration. Plaintiff filed his Amended Prisoner Complaint on February 29, 2008, asserting claims under 42 U.S.C. § 1983 for violation of his Eighth, Fifth, and 14th Amendment rights.

Defendants move for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA).⁴ The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner . . . until such administrative remedies as are available are exhausted."⁵ "[T]he plain meaning of 'available' indicates that if a prisoner is hindered from utilizing the grievance procedure,

---

²Although Plaintiff's filing is entitled "Plaintiff's Motion To Alter Or Amend Judgment," it is in substance an objection to the Magistrate Judge's Recommendation pursuant to Fed. R. Civ. P. 72(b)(2).

³See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996) (court's *de novo* review is limited to "any portion of the magistrate judge's disposition to which specific written objection has been made. . . .")

⁴42 U.S.C. § 1997e.

⁵Id.

then that grievance procedure is not available."[6] The PLRA's exhaustion requirement thus may be excused where the prisoner is denied grievance forms.[7] Plaintiff acknowledges that he did not exhaust his administrative remedies with respect to his claims, but argues, both in his response the Motion For Summary Judgment and in his objection to the Magistrate Judge's Recommendation, that he should be excused from the PLRA's exhaustion requirement because: (1) the ACDF grievance policy does not allow DOC inmates housed at ACDF to use the ACDF grievance forms or procedure, and (2) personnel at ACDF told him that he could not file a grievance because he was a DOC prisoner and refused to give him grievance forms, and a DOC case manager also told him that DOC inmates cannot file grievances concerning incidents at ACDF.[8]

"[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' [citation] - rules that are defined not by the PLRA, but by the prison grievance process itself."[9] Thus, it is the prison's own grievance procedures that set forth what the prisoner must do in order to exhaust his or her administrative remedies.[10] "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."[11] It is undisputed that Plaintiff

---

[6] Baldauf v. Garoutte, 2005 WL 1499424, *3 (10th Cir. June 24, 2005).

[7] See id. at *4.

[8] See Plaintiff's Response Brief In Opposition To Summary Judgment (Doc. No. 119), Ex. 1 ¶¶ 2-5.

[9] Jones v. Bock, 549 U.S. 199, 218 (2007) (citation omitted).

[10] See id.

[11] Id.

received a copy of the ACDF Inmate Handbook on April 2, 2007.[12] The ACDF Inmate Handbook states, at paragraph 22:

> 22. INMATE COMMUNICATION FORM:
>
> a. Inmates communicate certain requests and needs with jail employees by means of a written 'kite'.
>
> . . .
>
> c. if you have questions or problems, you first need to speak to a floor deputy. If the deputy cannot answer your question, then fill out a 'kite' and direct it to the appropriate person or area such as Visiting, Kitchen, records, Classifications, etc.
>
> d. The 'kite' may also be used as a **'Grievance Form'**. If you have an issue that you cannot resolve routinely, you may write a grievance. The module deputy will hear the grievance first. If the module deputy cannot resolve the issue, the grievance will go to a Supervisor. The final step for a grievance is a Platoon Lieutenant or the Technical Services Manager.[13]

Although Plaintiff contends that the ACDF's grievance policy does not apply to DOC inmates temporarily housed at ACDF, he has failed to submit any evidence in support of this contention. Paragraph 22 of the ACDF Inmate Handbook refers to "inmates" generally, without differentiating in any way between ACDF and DOC inmates. By contrast, the Classification/Housing/Transfers section of the Handbook does contain such a differentiation. As a result, it is not reasonable to read Paragraph 22 as excluding DOC inmates. Further, Defendants have submitted the affidavit of Defendant Melanie Gregory, who, as Technical Services Manager for the ACDF, is one

---

[12] See Motion For Summary Judgment Ex. B (Doc. No. 113-3).

[13] Id. Ex. C (Doc. No. 113-4) at 4 ¶ 22 (emphasis in original).

of the people designated to handle inmate grievances.[14] Ms. Gregory states in her affidavit that "[t]he grievance process and all other rules or procedures at the Adams County Detention Facility apply equally to all inmates, including Department of Corrections inmates," and "[t]he Adams County Detention Facility does not have a rule that prohibits Department of Corrections inmates from utilizing the grievance process."[15] Plaintiff has offered no admissible evidence to dispute Defendants' evidence that the ACDF grievance policy and procedures apply to DOC inmates temporarily housed at ACDF.[16]

Even though the ACDF's grievance procedures applied to Plaintiff, if Plaintiff was prevented from obtaining grievance forms and filing a grievance, he is excused from the PLRA's exhaustion requirement.[17] Plaintiff states in his affidavit that while housed at ACDF during the week of May 23, 2007, he asked Deputy Clarke Deloian for some kite forms. Plaintiff states that Deputy Deloian asked him what he needed the kites for, and Plaintiff responded "I need them so that I can exhaust my available administrative remedies."[18] Plaintiff states that Senior Deputy Kenny Sherman, who was also present, responded that "D.O.C. inmates can't exhaust the administrative grievance process.

---

[14] Id. Ex. A (Doc. No. 113-2) ¶¶ 2, 9.

[15] Id. ¶¶ 10-11.

[16] Evidence that Plaintiff was told by a case manager at CSP in Cañon City and deputies at ACDF that DOC inmates cannot file grievances concerning conditions at ACDF constitutes inadmissible hearsay if offered to prove the truth of the matter asserted, i.e., that DOC prisoners in cannot file such grievances. See Fed. R. Civ. P. 801, 802. However, such evidence does not constitute hearsay if it is offered not for the truth of the matter asserted, but, rather, as evidence that Plaintiff was prevented from obtaining forms and filing a grievance. See Sanjuan v. IBP, Inc., 160 F.3d 1291, 1297 (10th Cir. 1998) ("An out-of-court statement is not hearsay under the Federal Rules of Evidence if it is offered to show its effect on the hearer of the statement.").

[17] See Baldauf, 2005 WL 1499424 at *3-4.

[18] See Plaintiff's Response Brief In Opposition To Summary Judgment (Doc. No. 119), Ex. 1 ¶ 2.

The grievance procedure is specifically designed for Adams County jail inmates only. If you want to exhaust the administrative grievance process, wait until you get back to C.S.P."[19] Plaintiff states that neither deputy would give him the grievance forms that he requested.[20] Thereafter, Plaintiff states, when he was returned to CSP in Cañon City he asked a case manager for grievance forms in order "to file grievances on the County officials' [sic] and deputies' [sic] for what's happened to me as a result of being housed at the County jail for court," but the case manager responded, "D.O.C. inmates can't file grievances for conditions of confinement in the County jail."[21] Plaintiff's affidavit goes on to state that after Plaintiff went back to the ACDF in June 2007, he tried once again to obtain grievance forms but was told by module deputies that "[t]hey're not available to D.O.C. inmates for those purposes."[22]

Although Plaintiff has presented evidence, in the form of his affidavit testimony, that he was informed by both ACDF and DOC staff that he could not file a grievance concerning an ACDF matter because he was a DOC inmate, and was denied grievance forms by ACDF staff, Defendants have submitted evidence that Plaintiff *was* able to submit a grievance to ACDF concerning another matter while he was housed at ACDF. Exhibit D to Defendants' Motion For Summary Judgment is an ACDF Inmate Request Form (Kite) dated June 30, 2007, signed by Plaintiff. On the section of the form asking for an explanation of the inmate's "Statement, Grievance, or Request," Plaintiff circled the word "Grievance," explained his request for kosher meals, and wrote "Step 1" in

---

[19] Id.

[20] Id.

[21] Id. ¶ 3.

[22] Id. ¶ 4.

large letters on the form. Plaintiff admits that he was able to submit this completed form to an ACDF deputy.[23] Thus, it is undisputed that Plaintiff was able to obtain, complete, and submit an ACDF kite form reporting a grievance concerning his meals at ACDF. Defendants argue that this evidence is dispositive because "[i]f Plaintiff could file a grievance about his diet, he could have filed one about the alleged excessive force incident."[24]

In his affidavit, Plaintiff states that he did not actually request a "kite" or grievance form concerning his meals; rather, a deputy told him that he needed to use the form in order to request kosher meals (even though Plaintiff had not been required to do so in the past) and then brought the form to him.[25] Plaintiff states that when the deputy saw that he had circled "Grievance," the deputy said, "Why did you use it as a grievance form? I thought I told you to kite the kitchen. You're not gonna get any response back this way."[26] Viewing the evidence in a light most favorable to Plaintiff and drawing all reasonable inferences therefrom in Plaintiff's favor,[27] a reasonable jury could conclude that even though an ACDF deputy gave Plaintiff a kite form for the purpose of submitting a request concerning meals, whenever Plaintiff himself asked for a form on which to file a grievance concerning an alleged assault by ACDF staff, he

---

[23] Id. ¶ 6.

[24] Motion For Summary Judgment (Doc. No. 113) at 7.

[25] Plaintiff's Response Brief In Opposition To Summary Judgment (Doc. No. 119), Ex. 1 ¶¶ 5-6.

[26] In fact, a response was issued on July 9, 2007, although Plaintiff apparently had left ACDF by that point. See Motion For Summary Judgment Ex. D (Doc. No. 113-5).

[27] Turner v. Public Service Co. of Colorado, 563 F.3d 1136, 1152 (10th Cir. 2009).

was refused a form. The present evidence does not establish as a matter of law that Plaintiff had the ability to file a grievance concerning the alleged assault.[28]

Defendants argue that Plaintiff's contention, set forth in his affidavit testimony, that he was denied grievance forms by ACDF staff is not credible because it is inconsistent with prior statements Plaintiff has made to the Court. However, credibility is a matter to be determined by the jury and is not appropriately considered by the Court on summary judgment.[29] A reasonable jury could find that while Plaintiff may not have expressly articulated this specific contention in prior arguments to the Court, the contention does not necessarily conflict with the arguments that Plaintiff has raised. It is for a jury to determine whether and to what extent any prior omission of the specific contention affects Plaintiff's credibility.

At this juncture, the evidence presented by Plaintiff is marginally sufficient to overcome summary judgment. Accordingly, and for the foregoing reasons, the Court declines to adopt the October 27, 2009, Recommendation of the Magistrate Judge, and it is

ORDERED that Plaintiff's Motion To Alter Or Amend Judgment (Doc. No. 125), which the Court has construed as an objection to the October 27, 2009, Recommendation of Magistrate Judge Craig B. Shaffer, is sustained. It is

---

[28] Although a reasonable jury perhaps could conclude that Plaintiff could have submitted a grievance concerning the alleged assault by disingenuously asking for a kite form to file a routine request, but then filling out the form as a grievance concerning the alleged assault, the Court does not consider such a potential maneuver to constitute an "available" grievance procedure under the PLRA.

[29] See Seamons v. Snow, 206 F.3d 1021, 1026 (10th Cir. 2000) ("It is axiomatic that a judge may not evaluate the credibility of witnesses in deciding a motion for summary judgment."). Further, while conclusory allegations unsupported by an affidavit are insufficient to defeat summary judgment, see Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 834 (10th Cir. 1986), here, Plaintiff's allegations are made within a sworn affidavit. Defendants do not argue, and the Court does not find, that the "sham affidavit" rule applies here. See Burns v. Board of County Com'rs, 330 F.3d 1275, 1282 (10th Cir. 2003) (setting forth rule).

FURTHER ORDERED that Defendants' Motion For Summary Judgment Re Exhaustion Of Administrative Remedies (Doc. No. 113) is denied. It is

FURTHER ORDERED that the case caption is amended, as set forth above, to correctly spell Defendant McKenzie's name. It is

FURTHER ORDERED that the case is returned to the Magistrate Judge for further proceedings and to set the case for trial.

DATED at Denver, Colorado, this 31st day of March, 2010.

BY THE COURT:

*(signature)*
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court