IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 07-cv-02515-ZLW-CBS

VICTOR S. ARCHULETA,

    Plaintiff,

v.

ADAMS COUNTY BD. OF COMM'RS,
DOUG DARR,
MELANIE GREGORY,
JAMES MCKENZIE,
ROBERT NANNEY,
JUSTIN SPENCE,
JAMES HINRICHS, and
VINCE POTTER,

    Defendants.

## ORDER

The matter before the Court is Plaintiff's Objection Re Appointment Of Counsel (Doc. No. 133), which is an objection to the Order issued by Magistrate Judge Craig B. Shaffer on April 22, 2010 (Doc. No. 130). The Court reviews the Magistrate Judge's nondispositive Order under a clearly erroneous or contrary to law standard.[1]

In the Order of April 22, 2010, the Magistrate Judge denied Plaintiff's April 22, 2010, Motion To Appoint Counsel. The Court has broad discretion in determining

---

[1] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

whether to appoint counsel for indigent litigants in civil cases.[2] Looking to the factors set forth in Hill v. Smithkline Beecham Corp.,[3] the Magistrate Judge determined that an appointment of counsel is not warranted at this stage of the proceedings in this civil case because Plaintiff has thus far adequately presented his claims unaided by counsel, because Plaintiff's concerns regarding the side effects of his medication and limited time to access legal resources may be addressed by extensions of time, and because Plaintiff's concerns about witness testimony, cross-examination at trial, and inspection of evidence are all premature. As to the merits of Plaintiff's claims, the Magistrate Judge correctly stated that Plaintiff's claims survived summary judgment only on the issue of exhaustion of administrative remedies. At this juncture Plaintiff has not met his burden of "convinc[ing] the court that there is sufficient merit to his claim to warrant the appointment of counsel."[4]

The Magistrate Judge's thorough analysis relied on the appropriate legal standard under controlling case law, and the determination of the motion was not clearly erroneous or contrary to law. Plaintiff's objection does not illuminate any error in the Magistrate Judge's Order.

Accordingly, it is

---

[2] Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991).

[3] 393 F.3d 1111, 1115 (10th Cir. 2004).

[4] Id.

ORDERED that Plaintiff's Objection Re Appointment Of Counsel (Doc. No. 133) is overruled. It is

FURTHER ORDERED that Plaintiff's filing entitled "Status Of the Court" (Doc. No. 138), which the Court treats as a motion for a ruling on Plaintiff's Objection Re Appointment Of Counsel, is granted.

DATED at Denver, Colorado this 26th day of May, 2010.

BY THE COURT:

*[signature: Zita Leeson Weinshienk]*

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court