IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-02515-MSK-CBS

VICTOR S. ARCHULETA,

       Plaintiff,

v.

ADAMS COUNTY BOARD OF COUNTY COMMISSIONERS,
DOUG DARR,
MELANIE GREGORY,
JAMES MCKENZIE,
ROBERT NANNEY,
JUSTIN SPENCE,
[JAMES] HINRICHS, and
VINCE POTTER,

       Defendants.

---

**OPINION AND ORDER ACCEPTING RECOMMENDATION OF
MAGISTRATE JUDGE**

---

**THIS MATTER** comes before the Court on the Recommendation of United States

Magistrate Judge (**#211**), filed June 14, 2011, to which Plaintiff Victor S. Archuleta has filed a

timely objection (#**212**).  In the Recommendation, Magistrate Judge Craig B. Shaffer

recommends that the Motion for Summary Judgment (#**169**) filed Defendants Adams County

Board of County Commissioners, Darr, Gregory, McKenzie, Hinrichs, and Potter be granted,

leaving pending the claims asserted against Defendants Nanney and Spence.

When a magistrate judge issues a recommendation on a dispositive motion, the parties

may file specific, written objections within ten days after being served with a copy of the

recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The district court shall make

a *de novo* determination of those portions of the recommendation to which timely and specific

objection is made.  *See U.S. v.  One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d

1057, 1060 (10th Cir. 1996).

Plaintiff generally objects to the recommendation but does not clearly identify any

specific error, rather citing only general principles regarding official capacity liability[1] and

liberal construction of *pro se* pleadings.  Plaintiff otherwise simply incorporates by reference the

arguments presented in the complaint and brief in response to the motion for summary judgment.

This is insufficiently specific to preserve any issue for review.  *Lockert v. Faulkner*, 843 F.2d

1015, 1019 (7th Cir. 1988) ("Just as a complaint stating only 'I complain' states no claim, an

objection stating only 'I object' preserves no issue for review.").

Nonetheless,  this Court has reviewed the recommendation under the otherwise

applicable *de novo* standard of Fed. R. Civ. P. 72(b).  Upon such *de novo* review, however, the

Court reaches the same conclusion as that articulated in the Recommendation for substantially

the same reasons.

**IT IS THEREFORE ORDERED** that

1.      Plaintiff's objections are overruled and the Recommendation of United States

         Magistrate Judge (**#211**) is adopted.

2.      The Motion for Summary Judgment (**#169**) filed Defendants Adams County

---

[1]Plaintiff appears to argue that although the individual capacity claims against Defendants Nanney and Spence were not addressed, Magistrate Judge Shaffer improperly granted summary judgment with respect to the official capacity claims against these defendants by resolving the claims against the Adams County Board of County Commissioners and against the Sheriff in his official capacity.  However, Plaintiff does not point to any specific error in this regard, and the Court's review reveals no error of law or fact with respect to Magistrate Judge Shaffer's determination that summary judgment should enter in favor of the governmental entity defendants.

Board of County Commissioners, Darr, Gregory, McKenzie, Hinrichs, and Potter

is granted.  Upon resolution of the remaining issues, the Clerk shall enter

judgment against Plaintiff and in favor of these Defendants on all claims asserted

against them.

3.     The claims asserted against Defendants Nanney and Spence in their individual

capacities remain pending.

Dated this 25th day of August, 2011

**BY THE COURT:**

Marcia S. Krieger
United States District Judge