IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-02515-MSK-CBS

VICTOR S. ARCHULETA,

        Plaintiff,

v.

ROBERT NANNEY, and
JUSTIN SPENCE,

        Defendants.

## ORDER DISMISSING CASE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

**THIS MATTER** is before the Court on the January 12, 2012 verdict of the jury following trial in this matter from January 9, 2012 to January 11, 2012. The jury found in favor of the Plaintiff, Victor Archuleta, against one of the Defendants, Deputy Justin Spence[1], on the Plaintiff's claim of excessive force in violation of the Eighth Amendment arising from an incident that occurred at the Adams County Detention Facility.

Both Defendants, however, asserted an affirmative defense that the Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Because there were issues of fact as to whether Mr. Archuleta's failure to exhaust his administrative remedies was excused, a special interrogatory was submitted to the jury pursuant to Fed. R. Civ. P. 49(a).

---

[1] The jury found against Mr. Archuleta as to his claim against the other Defendant, Deputy Robert Nanney.

The jury was instructed that it was to determine whether the Defendants proved by a preponderance of the evidence that Mr. Archuleta was not hindered or prevented from filing a grievance. Then the verdict form asked "Did personnel at the Adams County Detention Facility hinder or prevent Mr. Archuleta from filing a grievance form regarding the April 11, 2007 incident?" The jury answered this question "No." The Court now addresses the legal effect of the jury's determination in this regard.[2]

The PLRA provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement has been construed to be an affirmative defense, not a pleading requirement. *Jones v. Bock*, 549 U.S. 199 (2007). To prevail on their affirmative defense, therefore, the Defendants were required to prove by a preponderance of the evidence that Mr. Archuleta failed to exhaust available administrative remedies before filing this lawsuit.

Mr. Archuleta conceded that he did not file an administrative grievance with the Adams County Detention Facility, where the incident occurred. He asserted, however, that he was excused from doing so because the facility's personnel refused to give him a grievance form. It is well established that "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010).

---

[2] *See Portage II v. Bryant Petroleum Corporation*, 899 F.2d 1514, 1520 (6th Cir.1990) (under special verdict system, "the jury makes formal findings on issues of ultimate fact and the court applies the law.") (citations omitted).

The parties presented evidence on this issue at trial. Based on the instruction given to them, the jury found that Mr. Archuleta was not hindered or prevented from filing a grievance with the Adams County Detention Facility. As a consequence, his failure to do so is not excused. Given the plain language of the PLRA, an inmate's unexcused failure to exhaust his administrative remedies bars his claim. *Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Accordingly, this action is dismissed notwithstanding the jury's findings as to the substantive claim.

Dated this 13th day of January, 2012

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge