IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-02515-MSK-CBS

VICTOR S. ARCHULETA,

        Plaintiff,

v.

ROBERT NANNEY, and
JUSTIN SPENCE,

        Defendants.

---

## ORDER ON MOTION TO STAY PENDING EXHAUSTION AND MOTION FOR RELIEF FROM JUDGMENT

---

**THIS MATTER** is before the Court on Plaintiff Victor S. Archuleta's Post-Trial Motion to Stay Action Pending Exhaustion of Administrative Remedies (**#248**), to which the Defendants responded (**#253**), and Mr. Archuleta replied (**#257**) and Mr. Archuleta's Motion Seeking Relief from Judgment (**#249**), to which the Defendants responded (**#254**) and Mr. Archuleta replied (**#258**). Having considered the same, the Court **FINDS** and **CONCLUDES** as follows.

### I. Background

Mr. Archuleta asserted claims under 42 U.S.C. § 1983 for incidents occurring during his incarceration. After an extensive pretrial process, only one claim remained pending–a claim of excessive force in violation of the Eighth Amendment asserted against Defendants Robert Nanney and Justin Spence arising from an incident that occurred at the Adams County Detention Facility. Both Defendants asserted an affirmative defense that the Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a).

Mr. Archuleta did not dispute his failure to timely exhaust his administrative remedies, but contended that his failure was excused because he had been prevented from submitting a grievance form by facility personnel.[1]  Mr. Archuleta never sought to stay these proceedings in order to submit a grievance form.

The case proceeded to trial from January 9, 2012 to January 11, 2012; a jury verdict was received on January 12, 2012.  Three issues were submitted to the jury - Mr. Archuleta's claim of excessive force against each Defendant, and whether Mr. Archuleta was prevented from filing a grievance.[2]  The jury found in favor of Mr.Archuleta, against one of the Defendants, Deputy Justin Spence[3], on the Plaintiff's claim of excessive force.  However, the jury also specifically found that Mr. Archuleta had not been prevented from filing a grievance.[4]  Because the PLRA precludes this court from determining an unexhausted claim, Mr. Archuleta's claim against Deputy Spence was dismissed.

In his motions, Mr. Archuleta seeks two alternative forms of relief: (1) that the Court overturn the jury's finding with respect to whether he was prevented from filing a grievance, or (2) that the Court stay the proceedings pending his exhaustion of administrative remedies.  The

---

[1] "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010).

[2] With regard to this issue, a special interrogatory was submitted to the jury pursuant to Fed. R. Civ. P. 49(a)

[3] The jury found that Mr. Archuleta did not prove his claim against the other Defendant, Deputy Robert Nanney.

[4] The verdict form contained the following special interrogatory: "Did personnel at the Adams County Detention Facility hinder or prevent Mr. Archuleta from filing a grievance form regarding the April 11, 2007 incident?"  The jury answered this question "No."

law and analysis applicable to each motion are set forth below.

## II. Analysis

**A.    Motion for Relief from Judgment (#249)**

Mr. Archuleta seeks to set aside the dismissal of his case under Fed. R. Civ. P. 60(b)(1), pursuant to which a court may relieve a party from a final judgment or order for, *inter alia*, mistake, inadvertence, surprise or excusable neglect.[5] Mr. Archuleta argues that "mistake" applies here because the Court erred in denying his motion for judgment as a matter of law under Fed. R. Civ. P. 50, which was renewed again after trial, on the question of whether Mr. Archuleta was excused from the exhaustion requirement because he was prevented from filing a grievance.

Judgment as a matter of law may be granted "if there is no legally sufficient evidentiary basis with respect to a claim or defense under the controlling law." *Bristol v. Bd. of Cnty. Comm'rs*, 312 F.3d 1213, 1216 (10th Cir.2002) (quotation marks and alterations omitted). "[T]he controlling question is whether the plaintiff [or, as in this case, the defendant as to an affirmative defense] has arguably proven a legally sufficient claim." *Id*. at 1216–17.

In his motion, Mr. Archuleta does not suggest that the Court did not apply the correct law in ruling on his Rule 50 motion. Rather, he seeks to re-litigate the strength of the evidence regarding whether he was prevented from filing a grievance. He again notes the evidence in support of his version of the underlying events: that he asked several Sheriff's deputies at the detention facility to give him a grievance form, that they refused and told him that he had to wait until he was returned to where he was incarcerated with the Colorado Department of Corrections

---

[5]Although Mr. Archuleta sought relief under both Rule 60(b)(1) and Rule 60(b)(4), he only makes an argument with respect to Rule 60(b)(1).

("DOC")[6] to file a grievance, but that the DOC also did not permit him to file a grievance.

However, the issue is whether the *Defendants'* evidence was legally sufficient to show that Mr. Archuleta could have filed a grievance. Two deputies testified that they did not recall refusing to give Mr. Archuleta a grievance form and that DOC inmates such as Mr. Archuleta were permitted to use the grievance process. One deputy testified that if an inmate asked for a form at the wrong time (forms were generally issued and picked up at meal times), he would tell the inmate that it had to be done at meal time. Mr. Archuleta also conceded that he had been permitted to file a form, which he labeled a "grievance," regarding his dietary preferences while at the detention facility. This was evidence from which a jury could reasonably conclude, without speculation or other improper basis, that Mr. Archuleta had not been prevented from filing a grievance regarding the incident underlying the claim. That Mr. Archuleta had other evidence to rebut the Defendants' showing demonstrates only that there was an issue of fact in this regard, an issue that the jury resolved in the Defendants' favor. That the jury decided to credit the deputies, rather than Mr. Archuleta, as to this issue does not demonstrate legal error.[7]

Mr. Archuleta has not shown that reversal of the jury's finding as to exhaustion is warranted under Rule 60. Accordingly, his motion for relief from the judgment is denied.

---

[6] Mr. Archuleta was a DOC inmate who was only temporarily at the detention facility when the incident occurred.

[7] In his reply brief, Mr. Archuleta also contends that the evidentiary record was incomplete because the jury did not hear "any testimony from the other [Adams County Detention Facility] deputies whom had also denied Plaintiff the necessary grievance forms and had also told Plaintiff that the ACDF inmate administrative procedure was 'unavailable' to DOC inmates." Mr. Archuleta does not identify these witnesses or proffer any evidence as to how they would have testified and so does not demonstrate how this asserted omission amounted to a legal error.

**B.      Motion to Stay Pending Exhaustion of Administrative Remedies (#248)**

The PLRA provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement has been construed to be an affirmative defense, not a pleading requirement. *Jones v. Bock*, 549 U.S. 199 (2007). The failure to exhaust is a bar to hearing a claim in federal court. *Id.* at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Generally, an unexhausted claim filed in federal court is dismissed without prejudice. *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).[8]

Notwithstanding this unambiguous language and binding Supreme Court interpretation, Mr. Archuleta seeks to alter or amend the judgment under Fed. R. Civ. P. 59(e). He argues that instead of dismissing the case based on the jury's finding that his failure to exhaust was not excused, the Court should "stay" the proceedings, allow him to exhaust his administrative remedies, and then reinstitute the jury's verdict and allow him to recover against Deputy Spence.

A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) is granted only to address (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id. See also*

---

[8]To the extent there is ambiguity in the Court's previous order, this should clarify that Mr. Archuleta's claim of excessive force was dismissed without prejudice.

*Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence'") (citations omitted). Mr. Archuleta apparently relies on the third basis, the need to prevent manifest injustice.

In support of his motion, Mr. Achuleta basically proffers a policy argument – that the exhaustion requirement is a mechanism for weeding out frivolous or resolvable claims, and since his claim against Deputy Spence was shown to be meritorious, he should be permitted to now comply with the legal "technicality" of exhausting his claims. In support of this argument, he cites case law in which a district court exercised discretion and stayed a case rather than dismissing it without prejudice. *See, e.g. Georgacarakos v. Wiley*, Case No. 07-cv-01712-MSK-MEH, 2010 WL 1291833 (D.Colo., March 30, 2010) (addressing the "more unusual situation where the inmate filed his claims prematurely, while simultaneously pursuing the administrative remedy scheme to exhaustion" and refusing to grant summary judgment on grounds of failure to exhaust). There is a fundamental difference between this case and those cited by Mr. Archuleta. His claims have never been exhausted; indeed during this action he has never tried to exhaust his remedies. In contrast, in *Georgacarakos* and other cases the inmate had begun, but had not completed, the administrative process.[9] Because Mr. Archuleta neither attempted to exhaust his remedies, nor cured his failure to exhaust, the plain language of the PLRA bars his claim regardless of its merit.

---

[9]Moreover, because the inmate's claims were timely and the inmate would be permitted to amend his complaint or file another action upon completion of his grievance procedures, there was some administrative efficiency in not dismissing the claim pending exhaustion. Again, that circumstance does not apply here as Mr. Archuleta's claim would be clearly time-barred if attempted to file a new lawsuit at this time.

The exhaustion requirement is not a mere "technicality," as Mr. Archuleta contends, nor is it solely intended to weed out frivolous claims. Rather, one of its primary purposes is to allow "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities <u>before</u> being haled into court," which "has the potential to reduce the number of inmate suits." *Bock*, 549 U.S. at 914 (emphasis added). This purpose would be completely undermined if an inmate can assert a claim all the way to a jury verdict and only then seek to exhaust his administrative remedies.

Mr. Archuleta's request is also untimely. The failure to exhaust has been an issue in this case since 2008. However, Mr. Archuleta never sought to remedy this problem until after the jury's verdict. As noted above, a motion under Rule 59(e) is not to be used to "advance arguments that could have been raised in prior briefing." Mr. Archuleta provides no explanation for why he could not have sought to exhaust his administrative remedies long before the matter went to trial. In addition, he has not provided any legal authority that would permit him to satisfy a precondition to suit after the claim has been completely litigated and the Defendants prevailed on their affirmative defense.

For all of these reasons, the Court declines Mr. Archuleta's request for relief pursuant to Rule 59(e).

**IT IS THEREFORE ORDERED** that Victor S. Archuleta's Post-Trial Motion to Stay Action Pending Exhaustion of Administrative Remedies (#**248**) and Mr. Archuleta's Motion Seeking Relief from Judgment (#**249**) are **DENIED**.

Dated this 18th day of April, 2012

**BY THE COURT:**

_____
Marcia S. Krieger
United States District Judge